IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

TONY W. SMITH,

    Plaintiff,

v.                                  C.A. No.:   3:19-cv-163

SUNBELT RENTALS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TONY W. SMITH (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, pursuant to 29 U.S.C. § 216(b), hereby sues Defendant, SUNBELT RENTALS, INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.  Plaintiff seek damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

### JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant maintains and operates business location within this District.

## THE PARTIES

4. Plaintiff, TONY W. SMITH, is an individual residing in Galveston County, Texas.

5. Defendant, SUNBELT RENTALS, INC., is a corporation formed under the laws of the State of North Carolina and at all at all times material to this complaint, maintained and operated a business in Brazoria County, Texas.

## COMMON ALLEGATIONS

6. At all times material to this complaint, Defendant had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

7. At all times material to this complaint, Defendant employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

8. At all times material to this complaint, Defendant, SUNBELT RENTALS, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s). Specifically, Defendant

specializes in the rental of equipment and tools.

9. At all times material hereto, Defendant was the Plaintiff's "employer" as that term is defined under the FLSA.

10. Additionally, Plaintiff performed work utilizing products which were manufactured outside of the state of Texas for interstate commerce and worked on or handled goods that were moving in interstate commerce and handled records of interstate transactions.

11. Plaintiff was employed by Defendant from approximately September 1, 2018, to March 4, 2019, as a driver at the regular rate of $22.50 per hour.

12. Plaintiff's principle duties included the local-only delivery of equipment and other miscellaneous duties.

## COUNT I UNPAID OVERTIME WAGES

13. Plaintiff incorporates herein paragraphs 1-12, *supra*.

14. Plaintiff did not hold a position that would qualify for any exemption under the FLSA.

15. During Plaintiff's employment, Defendant required, suffered or permitted Plaintiff to work without paying him one and one-half his regular rate for all hours worked in excess of 40 hours in a workweek.

16. Defendant was aware that the FLSA required it to pay Plaintiff one and

one-half of his regular rate of pay for each hour of overtime worked (hereinafter "overtime pay").

17. Defendant was aware that Plaintiff had worked both regular and overtime hours during one or more workweeks; however, Defendant willfully failed and refused to pay Plaintiff overtime pay for all hours worked in excess of 40 hours each workweek.

18. As a result of Defendant' willful violation of the FLSA, Plaintiff is entitled to recover damages in the amount of the unpaid minimum overtime pay, an equal amount as liquidated damages for Defendant's willful violation of the FLSA, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against the Defendant for the following:

A. Actual damages provided by law;

B. Liquidated damages as allowed by law;

C. Reasonable attorneys' fees and costs;

D. For pre-judgment interest in the event liquidated damages are not awarded;

E. For such other and further relief to which Plaintiff may be justly entitled, whether at law or in equity.

## COUNT II RETALIATION

19. Plaintiff re-alleges paragraphs 1-12, *supra*, and incorporates them as

fully set forth herein.

20. In or about November of 2018 and again on February 27, 2019, Plaintiff made a complaint with his immediate supervisor Defendant's unlawful policy of not paying overtime.

21. On March 4, 2019, without warning or cause, Defendant terminated Plaintiff's employment and informed him that he had "not made a delivery."

22. Defendant's reason for terminating the Plaintiff was a pretext for terminating him in retaliation for filing a complaint with the Defendant and complaining about the Defendants' practice of not paying overtime for work in excess of 40 hours in a workweek.

23. A causal connection exists between the termination of the Plaintiff's employment and his complaint about not receiving overtime wages.

24. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits retaliation. *See* 29 U.S.C. § 215. As a result of Defendant's unlawful actions alleged herein, Plaintiff has been damaged.

25. Defendant's actions as alleged herein were willful and the Defendant failed to act reasonably to comply with the FLSA.

26. As a result of Defendant's unlawful conduct, Plaintiff is entitled to, without limitation, employment, reinstatement, promotion, and the payment of wages lost and an award of liquidated damages pursuant to 29 U.S.C. § 216(b).

27. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant for the following:

A. Awarding Plaintiff his lost wages, an award of liquidated damages service awards, and attorneys' fees and litigation expenses as provided by law;

B. Awarding Plaintiff pre-judgment interest as provided by law, should liquidated damages not be awarded;

C. Ordering Plaintiff be reinstated in his previous position at the same pay rate and benefits he had at the time of his termination.

D. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted, May 7, 2019.

**ROSS LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge

Page 7 of   7
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com